Madeline O. Kolligian *vs.* The Prudential Insurance Company of America.

Middlesex. November 7, 1967. — November 30, 1967.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, Spiegel, & Reardon, JJ.

*Insurance,* Life insurance: commencement of insurance. *Words,* "Absent from work."

Within a provision of a life insurance policy that if the prospective insured was "absent from work due to illness" on a certain August 15 "the commencement of" the insurance would "be deferred until return to work," he was so absent on that August 15 and the insurance never took effect where it appeared that on August 16 he entered a hospital preparatory to open heart surgery performed on August 28, that he died some days after the surgery, and that he never was physically present at his place of business after August 14, although on August 15 and thereafter until the surgery he continued to be interested in business and discussed it with his associates in person and by telephone.

BILL IN EQUITY filed in the Superior Court on February 5, 1964.

The suit was heard by *Ponte, J.*

*Walter H. McLaughlin, Jr. (David G. Hanrahan* with him) for the plaintiff.

*Earle C. Cooley* for the defendant.

KIRK, J. The plaintiff appeals from a decree declaring, after hearing on a bill filed under G. L. c. 231A, that she was not entitled to any payment under a group life insurance policy issued by the defendant, The Prudential Insurance Company of America (Prudential).

The judge made a report of material facts. Prudential issued the policy to American Motor Sales Corporation. J. Mark Kolligian was eligible for, applied for, and paid an initial premium for $12,500 coverage under this policy, naming the plaintiff as beneficiary. No medical examination was required under the policy, which provided, however, that if the insured was "absent from work due to illness or injury on . . . [August 15, 1961], the commencement of . . . [his] insurance . . . will be deferred until return to work."

Mark was the treasurer and a director of Kolligian Rambler, Inc. The president and vice-president were his nephews who relied upon him for management advice and decisions. He did not receive a salary. After August 14, 1961, Mark was never physically present at the place of business of Kolligian Rambler. Since the middle of July he had been "taking things easy" and resting in preparation for open heart surgery. On August 16, he entered the hospital for this surgery, which was performed on August 28. On September 6, 1961, he died.

On August 15, Mark discussed the business of Kolligian Rambler for about two hours. From August 16 to August 28, he continued to be interested in its business. He received the "daily operation controls" and discussed the affairs of Kolligian Rambler with various officers and employees both in person and by telephone. After August 28, he was not active in the business of Kolligian Rambler. Based on these

subsidiary findings, the judge found that Mark was absent from work due to illness on August 15, and decreed that the plaintiff was not entitled to any payment under the group life insurance policy. The findings are mutually consistent and the only question before us is whether they support the decree. *Kennedy* v. *Shain*, 288 Mass. 458, 459.

If the language of an insurance policy is ambiguous, any doubts as to the intended meaning will be resolved against the company. *August A. Busch & Co.* v. *Liberty Mut. Ins. Co.* 339 Mass. 239, 243. When the language is clear and free from ambiguity, however, the words will be given their plain and ordinary meaning. *Sherman* v. *Employers' Liab. Assur. Corp. Ltd.* 343 Mass. 354, 357. The language of the group policy before us seems free from ambiguity and is applicable to Mark. Mark's absence from Kolligian Rambler's place of business because of his heart condition brought him within the category of risk which Prudential had declined to accept. One need not completely abstain from the performance of every duty to be "absent from work" in the ordinary sense. See *Boyer* v. *Travelers Ins. Co.* 7 Cal. 2d 615; *Rabinovitz* v. *Travelers Ins. Co.* 11 Wis. 2d 545. But see *Equitable Life Assur. Soc. of United States* v. *Worthman*, 67 F. 2d 721 (7th Cir.). The decree is affirmed.

*So ordered.*