THE AETNA CASUALTY AND SURETY COMPANY *vs.* GERALDINE POIRIER, administratrix, & another.[1]

Worcester.    September 15, 1976. — November 1, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Insurance,* Protection against uninsured motorists.

In an action by an insurer to determine the extent, if any, of its liability under a motor vehicle insurance policy, it was proper under G. L. c. 175, § 111D, for a judge to reserve for his decision the meaning of provisions with respect to uninsured motorists coverage in the policy, and leave to an arbitrator all questions concerning the insured's rights against the owner and operator of the uninsured motor vehicle. [259-260]

A provision in a motor vehicle insurance policy that uninsured motorists coverage was inapplicable to bodily injury to an insured with

---

[1] The other defendant is the arbitrator who was appointed pursuant to the terms of the policy. He has not participated in the judicial proceedings.

respect to which the insured or any person entitled to payment under the coverage made a settlement, without the written consent of the insurer, with any person legally liable therefor did not conflict with G. L. c. 175, § 113L; and the insured's administratrix was not entitled to recover under the policy where she made a settlement without the insurer's consent with a third party, even though an arbitrator later determined that the third party was not legally responsible for the injuries, at least where, as here, the amount of the settlement was equal to the limit of the insured's uninsured motorists coverage. [260-262]

BILL IN EQUITY filed in the Superior Court on November 8, 1971.

The suit was heard by *Meagher,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Terence F. Riley* for Geraldine Poirier, administratrix.
*William C. O'Neil, Jr.,* for the plaintiff.

WILKINS, J. The sole question on this appeal is whether an insurer is obliged to provide benefits under its "uninsured motorists coverage" (Coverage U) to an insured who, without the insurer's consent, has settled a claim against a third party whose vehicle was involved in the accident which resulted in the insured's bodily injury. We conclude that under the terms of the applicable motor vehicle insurance policy the insurer had no obligation to provide Coverage U benefits in the circumstances and that the policy provisions do not violate statutory requirements.

The husband of the defendant administratrix (defendant) was a passenger on a motorcycle on a public way in Worcester in July, 1970. The motor vehicle insurance policy covering the motorcycle did not provide guest coverage and, therefore, as the parties concede, the motorcycle was an uninsured motor vehicle under the defendant's motor vehicle insurance policy. An accident occurred involving the motorcycle and another motor vehicle, a taxicab. The defendant's intestate died as a result of that accident, and the defendant settled a claim against the operator and the owner of the taxicab, receiving $5,000, which we infer was paid by the taxicab's insurer. The

defendant made a claim against the plaintiff (Aetna) under the Coverage U portion of her own motor vehicle insurance policy and sought arbitration of her claim as provided in that policy.[2]

Aetna commenced this proceeding in the Superior Court seeking a determination of the extent, if any, of its liability and also seeking a stay of the arbitration proceedings. Arbitration was permitted to proceed reserving the legal question of the availability of coverage for subsequent determination. Almost two years later, the arbitrator filed his report in which, pursuant to order of the court, he made detailed findings of fact. The arbitrator found that the operator of the taxicab was not negligent. A decree was entered declaring that Aetna had no obligation to provide Coverage U benefits to the defendant. On our own motion we granted direct review of the defendant's appeal from the decree in Aetna's favor.

The defendant argues here that the applicability of the policy provision was a question solely for the arbitrator and thus not for the court. Under G. L. c. 175, § 111D, inserted by St. 1959, c. 438, § 2, a motor vehicle liability policy, which must contain uninsured motorists coverage (G. L. c. 175, § 113L), must provide "that determination as to whether the insured or his legal representative is legally entitled to recover such damages [i.e., against the owner or operator of an uninsured motor vehicle], and if so the amount thereof, shall be made . . . by arbitration," if the parties do not agree. Aetna's bill refers to G. L. c. 251, § 2 (*b*), in support of its application for a stay of arbitration proceedings. However, § 2 (*b*) refers in terms only to a stay where there is no agreement to arbitrate. In *Employers' Fire Ins. Co.* v. *Garney,* 348 Mass. 627, 632 (1965), we said that factual questions concerning Coverage U should be resolved by arbitration, and we assumed, without deciding, "that the general scope and meaning of the policy provisions may be matters not exclusively to be dealt with by arbitration." We think that the judge prop-

---

[2] The limit of the defendant's Coverage U was $5,000.

erly reserved for his decision the meaning of provisions in the motor vehicle insurance policy, leaving to the arbitrator for resolution all questions concerning the insured's rights against the owner and operator of the uninsured motor vehicle, the issue which, barring agreement, must be submitted to arbitration.[3] See G. L. c. 175, § 111D.

In defense of the decree in its favor, Aetna relies on that provision in its policy issued to the defendant which makes Coverage U inapplicable "to bodily injury to an Insured with respect to which such Insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of [Aetna], make any settlement with any person or organization who may be legally liable therefor." The settlement made by the defendant with the insurer of the taxicab literally falls within this quoted exclusion. We do not understand the defendant to argue otherwise. Death resulting from bodily injury is included expressly within mandatory Coverage U. See G. L. c. 175, § 111D.

The defendant's argument is that this policy provision is illegal and ineffective because it conflicts with the statute governing Coverage U in motor vehicle insurance policies. See G. L. c. 175, § 113L.[4] The defendant relies on § 113L (4), inserted by St. 1968, c. 643, § 5, which provides that an insurer making payment under uninsured motorists coverage "shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization *legally responsible for the bodily injury* for which such payment is made" (emphasis supplied). The defendant argues that Aetna has a right to the proceeds of any settlement only if the proceeds were received from one who was legally responsible. She points to the arbitrator's determination that the oper-

---

[3] The defendant does not challenge here, as she did below, the direction of the judge that the arbitrator determine and report the facts so that the judge may determine the legal questions.

[4] See St. 1973, c. 380, for an amendment to § 113L concerning optional so called "under-insured motor vehicle coverage."

ator of the taxicab was not negligent as conclusive proof that she did not receive a settlement from one legally responsible for the injuries which caused the death of her husband. Her argument is that the purported policy exclusion is overbroad in seeking to deny coverage where the settlement is received from one who may be, but in fact is not, liable for the injury sustained.

Analyzing the purposes of § 113L, including the intention to resolve disputes by arbitration without costly litigation (see c. 175, § 111D), we conclude that the policy provision involved here correctly reflects the legislative intent. We note that the Commissioner of Insurance must have reached the same conclusion because the Coverage U provisions of the policy must be approved by him. Section 113L (1) specifically requires the Commissioner's approval of Coverage U provisions. See G. L. c. 175, § 113A, for provisions concerning the Commissioner's authority to disapprove the form of motor vehicle insurance policies as defined in G. L. c. 90, § 34A.

The language of § 113L (4) concerning the insurer's right to the proceeds of any payment in settlement made by a legally responsible person presents no real conflict with the policy's reference to one who "may be legally liable." The defendant obviously once asserted that the operator and owner of the taxicab were legally liable. She collected $5,000 relying on a claim that the taxicab's insureds were legally responsible. Her argument now that she had no basis for collecting the $5,000 settlement lacks consistency. We think any settlement made in response to a claim of legal responsibility conclusively establishes the existence of legal responsibility for the purposes of § 113L (4). The Legislature hardly could have intended by § 113L (4) that that question should be open for contest between the insurer and the insured subsequent to the insured's acceptance of the proceeds of a settlement from a third party. The defendant should not have it both ways. The language of the policy conforms appropriately to the clear legislative intent in § 113L (4) that there not be recovery under Coverage U to the extent that there is

recovery from another alleged tortfeasor. See *Tuthill* v. *State Farm Ins. Co.*, 19 Ill. App. 3d 491, 497 (1974).[5]

We leave open the question, not involved here, whether the policy provision should be read to bar all recovery against the insurer where the amount of any settlement made without the insurer's consent is all that could be collected from the third party and is less than the policy limits of the insured's Coverage U. If an insured shows that the insurer was not prejudiced by a settlement with a third party, perhaps the exclusion in the policy should not be read as a bar to all recovery by the insured. Compare *Kaplan* v. *Phoenix of Hartford Ins. Co.*, 215 So. 2d 893, 894-895 (Fla. App. 1968), with *Tuthill* v. *State Farm Ins. Co.*, *supra* at 500-501. Here, however, the insured collected $5,000 from the third party, the precise limit of her uninsured motorists coverage.

*Decree affirmed.*

---

[5] Similarly, the policy provision requiring the consent of the insurer to any settlement adheres to the statutory purpose that the insurer's subrogation rights not be infringed.