ROYAL INDEMNITY COMPANY *vs.* DONALD E. BLAKELY
& others.[1]

Suffolk.    January 4, 1977. — March 3, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & LIACOS, JJ.

*Insurance,* Motor vehicle liability insurance, Protection against unin-
sured motorists.

Upon appeal from a decision denying payment under the uninsured
motor vehicle insurance provisions of two policies applicable to
family-owned vehicles other than the one in which the plaintiff was
riding when he sustained injuries, this court stated *its view that*
G. L. c. 175, §113L, did not require that a family owning three motor
vehicles be entitled to "stack" uninsured motorist coverage so as to
obtain additional protection against personal injury sustained
through the fault of the operator of an uninsured motor vehicle,
even though the issue was not properly raised at the trial level. [87-
91]

BILL IN EQUITY filed in the Superior Court on October
30, 1973.

CIVIL ACTION commenced in the Superior Court on
March 7, 1974.

The cases were heard by *Nelson,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Norman J. Fine* for the defendants.
*Robert A. Curley* for the plaintiff.

WILKINS, J.    The defendant Donald E. Blakely, Jr.
(Blakely), was struck and injured by an uninsured (hit-
and-run) motor vehicle in March, 1973, while riding in a
Plymouth automobile owned by his father and insured by
Royal Indemnity Company (Royal). At that time Blakely

---

[1] The other two defendants are Anna T. Blakely, the wife of Donald
E. Blakely, and their son Donald E. Blakely, Jr.

lived with his parents, each of whom owned one other motor vehicle which was insured by Royal under a separate standard motor vehicle policy. Blakely claims that he is entitled to collect under the uninsured motor vehicle insurance coverage on each of the three motor vehicle insurance policies issued by Royal. Royal has conceded liability under the uninsured motorist coverage applicable to the vehicle occupied by Blakely but has denied liability under the other two policies. The judge below ordered judgment for Royal as to the other policies, ruling that (1) Royal was not bound by an arbitrator's award which imposed liability on all three policies[2] and (2) the language of the standard motor vehicle policies denied uninsured motorist coverage except under the policy covering the vehicle occupied by Blakely. The Blakelys no longer press the issues argued below. They now argue that the limitations in the uninsured motorist coverage as expressed in their policies are in conflict with the requirements of the statute mandating uninsured motorist coverage and, hence, are void. We affirm the judgments.[3]

We agree with Royal's assertion that the Blakelys are not entitled to a decision on this newly raised issue. It seems clear that the legality of the purported policy exclusion was not presented below. The Blakelys' pleadings do not indicate that they were contending that the policy exclusion must be disregarded as a matter of public policy.

---

[2] The judge was correct in concluding that the arbitration required by the policy related to "questions concerning the insured's rights against the owner and operator of the uninsured motor vehicle." *Aetna Cas. & Sur. Co.* v. *Poirier,* 371 Mass. 257, 260 (1976). The question of the insurer's liability under the policy, apart from the insured's right against the owner and operator of the uninsured vehicle, was for the judge, and the arbitrator's award purporting to deal with such a question was in excess of his authority and properly vacated. G. L. c. 251, § 12 (*a*) (3).

[3] This is a consolidated appeal from judgments in two cases. One case concerns a motion to vacate the arbitrator's award which awarded coverage under all three policies. The other case is a complaint for declaratory judgment brought by Royal for an interpretation of the scope of its liability. We transferred the Blakelys' appeals here on our own motion.

Such an assertion in their pleadings would be particularly appropriate in a proceeding for declaratory relief. The judge's thorough findings and conclusions make no reference to any such claim. Our cases hold consistently that a nonjurisdictional issue not presented at the trial level need not be considered on appeal. See, e.g., *Lincoln* v. *Hillside Park 'N Shop, Inc.*, 370 Mass. 209, 216 (1976); *Green* v. *Board of Appeal of Norwood*, 358 Mass. 253, 257 (1970); *Henchey* v. *Cox*, 348 Mass. 742, 747 (1965); *Foster* v. *Everett*, 334 Mass. 14, 18 (1956). Such a rule has particular force where the other party may be prejudiced by the failure to raise the point below. See *Milton* v. *Civil Serv. Comm'n*, 365 Mass. 368, 379 (1974); *Donahue* v. *Dal, Inc.*, 314 Mass. 460, 463 (1943).[4] Thus, in the normal course, we would not consider this clearly independent issue raised here for the first time. However, because the question presented has application to other persons in the Commonwealth and the result we reach is not changed by our consideration of the point, we shall state our views on the issue.

Section 113L of G. L. c. 175, applicable to the 1973 standard motor vehicle policies issued to the Blakelys (see St. 1968, c. 643, § 5), required that every such policy must provide "coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, under provisions approved by the insurance com-

---

[4] Royal argues that it would be prejudiced if the question were considered here now because it had no opportunity to produce evidence in support of the legality of the policy exclusions. It argues that "the background of the legislative history of G. L. c. 175, § 113L and the system of uninsured motorist insurance in Massachusetts as approved by the commissioner of insurance . . ." would be instructive. Royal does not state explicitly what evidence it might have offered, other than the fact of the Commissioner's approval of the policy language. However, certainly the administrative treatment of the statutory requirement (G. L. c. 175, § 113L) that standard motor vehicle policies provide uninsured motorist coverage might well be of assistance in construing an ambiguous statute. Cf. *Aetna Cas. & Sur. Co.* v. *Poirier*, 371 Mass. 257, 261-262 (1976). We often have been guided by the consistent interpretation of an ambiguous statute made by an administrative official charged with implementation of that statute. *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 516 (1975), and cases cited.

missioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ... and hit-and-run motor vehicles ... because of bodily injury ...." The Legislature explicitly delegated to the Commissioner of Insurance the function of approving the scope of uninsured motorist coverage. He has approved a policy which says in effect that where there is more than one motor vehicle in a household and an insured is injured by an uninsured motor vehicle while occupying one of those vehicles, uninsured motorist coverage will be available under only one policy. The legislative purpose that uninsured motorist coverage must be available to a limit of at least $5,000 a person and $10,000 an accident is achieved by the policy language approved by the Commissioner.[5] We see no legislative mandate that a family owning more than one vehicle must be entitled to "stack" its uninsured motorist coverage so as to obtain additional protection against personal injury sustained through the fault of the operator of an uninsured motor vehicle.[6]

The Blakelys rely on our decision in *Johnson* v. *Travelers Indem. Co.,* 359 Mass. 525 (1971), which, under

---

[5] Coverage under uninsured motorist protection is not compelled in all circumstances where a person is injured as the result of the negligence of the operator of an uninsured vehicle. Thus, in *Forrest* v. *Hartford Accident & Indem. Co.,* 367 Mass. 106, 107-108 (1975), we held that a guest in a negligently operated vehicle having no guest coverage could not collect under that vehicle's uninsured motorist coverage, although that person might be entitled to recover under the uninsured motorist coverage contained in a policy issued to a member of his or her household (see *Whitney* v. *American Fidelity Co.,* 350 Mass. 542, 543-544 [1966]).

[6] The record does not show, as it might if this issue had been litigated below, whether the premium charge for uninsured motorist coverage is the same for each vehicle without regard to the number of vehicles owned in a household. If the premium charge is the same, and if the Blakelys were allowed to recover as they claim, each Blakely vehicle would be entitled to additional uninsured motorist protection without any additional cost. The record also does not show whether the premium charges for uninsured motorist coverage approved by the Commissioner of Insurance were determined on the assumption that the scope of such coverage would be as he prescribed, but such an inference seems warranted.

statutory provisions no longer in effect (see G. L. c. 90, § 34L, inserted by St. 1966, c. 260, repealed by St. 1968, c. 643, § 6), held an "other insurance" clause to be invalid which purported to limit total liability to $5,000 under three applicable policies providing uninsured motorist coverage. The plaintiffs were permitted to recover under each policy with respect to insured pedestrians who were struck by an uninsured motor vehicle. That former statute, relating to uninsured motorist coverage, gave no role to the Commissioner of Insurance in approving the relevant policy provisions, and it required that the coverage under each policy be no less than $5,000. In adopting G. L. c. 175, § 113L, in its present form, the Legislature gave the Commissioner authority to interpret the scope of § 113L to limit recovery to $5,000 where there were multiple policies in one household. If all the Blakely vehicles had been insured under a single policy, recovery would have been limited to $5,000, and we see no reason why the result should be different because Royal issued three separate policies.

Because of the peculiarities of the Massachusetts system of motor vehicle insurance, decisions in other jurisdictions often are not apt to furnish meaningful guidance. The view we take has been adopted elsewhere under a similar statute. *Nationwide Mut. Ins. Co.* v. *Ealy,* 221 Pa. Super. Ct. 138, 140-141 (1972). Cf. *Murray* v. *Remuck,* 108 R.I. 179, 184-185 (1971). Cases relied on by the Blakelys where no uninsured motorist coverage was available under a policy covering the vehicle of an insured involved in an accident with another uninsured vehicle are not in point.[7] Such a

---

[7] If a person is operating a motor vehicle having no uninsured motorist coverage and is injured as the result of the negligent operation of another uninsured motor vehicle, the weight of authority in this country seems to be that the injured person may recover under the uninsured motorist coverage of another vehicle owned by a member of that person's household, even in the face of a policy provision purporting to deny coverage in such a circumstance. See *Nygaard* v. *State Farm Mut. Auto. Ins. Co.,* 301 Minn. 10, 18-19 (1974), and cases cited. Contra, e.g., *Rodriquez* v. *Maryland Indem. Ins. Co.,* 24 Ariz. App. 392, 394 (1975), and cases cited. See also A.I. Widiss, A Guide to Uninsured Motorist Coverage § 2.9 (1969 & Supp. 1976).

situation should not arise in Massachusetts because each vehicle owned in a Massachusetts household must have uninsured motorist coverage. G. L. c. 175, § 113L.

*Judgments affirmed.*