VERNON L. GODDARD *vs.* BOARD OF APPEALS OF CONCORD. March 26, 1982. Because his lot was located in a wetlands conservancy district, the plaintiff was required to obtain a special permit from the board of appeals in order to construct a house on the lot. The board denied the permit, and the plaintiff sought review of the decision in the Superior Court. A judge of a District Court, sitting under statutory authorization, heard the case in accordance with the standards set forth in *Josephs* v. *Board of Appeals of Brookline*, 362 Mass. 290, 295 (1972), made findings of fact and concluded (a) that the plaintiff's lot was a wetland and was correctly located within the wetland district; (b) that the plaintiff's proposed use would derogate from the intent and purpose of the zoning by-law; and (c) that the board's action was not arbitrary or capricious and did not exceed its authority. Judgment entered upholding the board's decision. The plaintiff appealed, claiming (1) that the findings of the judge were contrary to the evidence, (2) that the judgment is based on a legally untenable ground, and (3) that the judgment results in a taking without compensation. There was no error.

1. The plaintiff's contention that the judge's findings as to the lot were contrary to the evidence is without merit. The evidence, including the testimony of the defendant's expert, who had personally mapped the boundaries of the wetlands district, warranted the judge's findings that the lot was wetland and was situated within the wetlands district. The proposed construction of the house with its attendant septic system would derogate from the intent and purpose of the by-law where one purpose of the zoning by-law for the district was "to maintain the quality and level of the ground water table and water recharge areas for existing, or potential water supplies" and there was evidence that a high water table created a real hazard of septic system contamination of the ground water.

2. The plaintiff's other contentions are also without merit. The protection of ground water is a valid public interest. *Lovequist* v. *Conservation Commn. of Dennis*, 379 Mass. 7, 18-19 (1979). See *Turnpike Realty Co.* v. *Dedham*, 362 Mass. 221, 227-229 (1972). The means adopted by the by-law are reasonably necessary for the accomplishment of this important public function. *MacGibbon* v. *Board of Appeals of Duxbury*, 356 Mass. 635 (1970), does not control this case. Here the decision of the

board was not based upon a desire to preserve the plaintiff's lot in its natural state for public enjoyment but upon a desire to prevent contamination of ground water and flood water inundation.

3. As to the plaintiff's claim that the board's decision resulted in a taking without compensation, the matter does not appear to have been raised at trial and therefore is not to be considered on this appeal. *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977).

*Judgment affirmed.*

*Francis E. Jenney* for the plaintiff.
*Arthur L. Stevenson*, Town Counsel, for the defendant.