RHODA NISSENBAUM, administratrix, *vs.* LIBERTY MUTUAL INSURANCE COMPANY. October 5, 1983. *Insurance,* Motor vehicle liability insurance.

The plaintiff, administratrix of the estate of Kenneth B. Nissenbaum (decedent), appeals from a judgment of the Superior Court limiting the amount the plaintiff could recover under the terms of an insurance policy.

The following facts were stipulated by the parties. The plaintiff, the mother of the decedent, was insured by the defendant company under a "Massachusetts Combination Motor Vehicle Policy" which provided coverage for the plaintiff's three motor vehicles. The policy included noncompulsory Coverage "D" (automobile medical payments coverage), with a limit of $5,000 for each vehicle. A separate premium charge was paid for each vehicle. On December 21, 1973, the decedent, while on foot, was struck by a motor vehicle, causing severe physical injuries, medical and hospitalization expenses in excess if $15,000, and his eventual death. The policy was in force on the date of the accident.

---

A Superior Court judge, after a hearing, determined that the decedent was an insured for the purposes of the insurance policy, and ruled that the plaintiff was entitled to recover the maximum limit of liability of $5,000 allowed for medical payments coverage for a single vehicle under the terms of the combined motor vehicle policy.

The plaintiff appeals, arguing that she should be permitted to "stack" the coverage of the three motor vehicles, thereby entitling her to receive $15,000. In support of her argument, the plaintiff contends (1) that the language of the policy is ambiguous and should be construed against the insurer, (2) that the trial court's reliance on uninsured motorist cases is misplaced because those cases are based on mandatory uninsured motorist coverage and her case is based on optional medical coverage, and (3) that the trial court based its rulings on cases where the injured insured was an occupant of one of the named vehicles rather than a pedestrian. The defendant admitted that the plaintiff was entitled to $5,000 under the policy but denied payment of the additional $10,000 in benefits pursuant to an applicable "limit of liability" provision for medical payment coverage. The defendant also claims that the terms of the policy are clear and unambiguous. We affirm. The present circumstances are controlled in material respect by the reasoning of *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 88-90 (1977).

It is well established that we must view the policy as a whole and give to the words contained therein their usual and ordinary significance, and "[i]f the language of an insurance policy is ambiguous, any doubts as to the intended meaning will be resolved against the company. [Citation omitted.] When the language is clear and free from ambiguity, however, the words will be given their plain and ordinary meaning." *Kolligian* v. *Prudential Ins. Co. of America,* 353 Mass. 322, 324 (1967). We now examine the terms of the instant policy. Pursuant to the terms of Coverage "D" (automobile medical payments coverage, which is optional) in Part I of the insurance policy, the company will pay

"all reasonable expenses incurred . . .

Division 1. To or for each insured who sustains bodily injury, caused by accident, . . . `

(b) through being struck by a motor vehicle."

The provision limiting liability of Coverage "D" reads in pertinent part:

"Regardless of the number of . . . motor vehicles to which this policy applies, the company's limit of liability for automobile medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as a result of any one accident."

The language quoted is clear and unambiguous and should be given its plain and ordinary meaning. *Kolligian* v. *Prudential Ins. Co. of America*, *supra*. The policy declarations, together with the above limiting provision, unequivocally limit the plaintiff's recovery to $5,000 per person, per accident. The limiting language will not permit "stacking" of the number of insured vehicles. This result is reached and is held consistent with public policy although three separate premiums are paid. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. at 87-89, 90, a case in which "stacking" was not allowed in a situation where the insurer had "issued three separate policies."

As to the plaintiff's other contentions — the plaintiff was a pedestrian, not an occupant, and this coverage was optional, not mandatory — we are unable to discern any sound reason for concluding that *Royal Indem. Co.* v. *Blakely*, *supra*, is not equally applicable to the instant facts. Nor has the plaintiff directed our attention to any authority, policy rationale or other compelling reason which suggests a contrary view.

It has been stated that "[b]ecause of the peculiarities of the Massachusetts system of motor vehicle insurance, decisions in other jurisdictions often are not apt to furnish meaningful guidance." *Royal Indem. Co.* v. *Blakely*, 372 Mass. at 90. However, since the question of "stacking" has never been addressed in this factual context by this court or the Supreme Judicial Court, a perusal of how other jurisdictions have addressed this issue might be helpful.

In *Hansen* v. *Liberty Mut. Fire Ins. Co.*, 116 Ga. App. 528 (1967), the court held that an identical provision limiting liability of medical expense coverage stated in plain and unambiguous language that the declared policy limit for each person is the limit of the company's liability for all medical expenses incurred by such person, regardless of the number of automobiles to which the policy applies. That court also was of opinion that the payment of three separate premiums had no persuasive force. *Id.* at 530. See also *Eckert* v. *Green Mountain Ins. Co.*, 118 N.H. 701, 703-706 (1978), a carefully crafted opinion which canvasses the relevant precedents on this question and after analysis reaches the same result reached in *Hansen* and reached here.

*Judgment affirmed.*

*Susan B. Nissenbaum* for the plaintiff.
*Ann C. Egan* for the defendant.