ALLSTATE INSURANCE COMPANY *vs.* DEBORAH HARRIS & another.[1] No. 88-P-74. January 19, 1989. *Arbitration,* Insurance, Arbitrable question. *Insurance,* Uninsured motorist.

This appeal concerns the arbitrability of the question of identification of the owner or operator of a hit and run vehicle. The issue arose in a dispute between the insurer, the plaintiff, Allstate Insurance Company, and its insureds, the defendants, Deborah Harris and Joanne Albano, concerning the uninsured motorist clause (Coverage U) of the standard Massachusetts automobile insurance policy. A Superior Court judge decided that the issue was not arbitrable and vacated an award of damages made by an arbitrator. We conclude that the issue was arbitrable and reinstate the award.

The background of the case is as follows. On April 3, 1983, in Atlantic City, New Jersey, an automobile owned and operated by Harris and insured by Allstate, in which Albano was a passenger, was involved in an accident with another automobile. The operator of the other automobile did not stop and identify himself or herself at the scene.

On December 6, 1984, Harris and Albano filed a demand for arbitration with the American Arbitration Association pursuant to the insurance policy issued to Harris by Allstate. The claim was under Coverage U for personal injuries arising out of the April 3 collision. On June 3, 1985, Allstate filed a complaint for declaratory judgment in the Superior Court, seeking a declaration that it was under no obligation to arbitrate its liability under Coverage U because the issue of the identity of the hit and run motorist was disputed and was not a matter subject to the policy's arbitration agreement. On June 28, 1985, a motion by Harris and Albano to dismiss Allstate's declaratory judgment action was denied. On July 5, 1985, Harris and Albano requested an order under G. L. c. 251, § 2, compelling arbitration. Their motion was allowed. The subsequent arbitration resulted in an award of damages for Harris and Albano. The award implicitly found as a fact that the hit and run motorist involved in the accident could not be identified.

On October 7, 1985, Harris and Albano filed a motion to confirm the arbitrator's award and a motion for summary judgment. Allstate filed a motion seeking to vacate the arbitrator's award on the ground that the arbitrator had exceeded his authority. A Superior Court judge deferred ruling on the motions, stating that he was unable to "determine the applicability vel non of the uninsured motorist provision" because the question whether

---

[1] Joanne Albano.

the operator or owner of the hit and run vehicle had been identified remained unlitigated.

A bench trial commenced in front of another Superior Court judge on December 14, 1987, to determine the factual question of whether the collision involved a "known motorist." This judge concluded that "both the operator and the owner of the vehicle which struck the Harris car were identified." Based on this determination, the judge vacated the arbitrator's award. However, he declined to enter a declaratory judgment in favor of Allstate because he harbored doubt whether the identification issue was properly one for the court to decide or, rather, one properly left for arbitration. The judge stayed all further proceedings and reported the correctness of his order vacating the arbitrator's award. See G. L. c. 231, § 111, and Mass.R.Civ.P. 64, 365 Mass. 831-832 (1974).

*Employers' Fire Ins. Co.* v. *Garney*, 348 Mass. 627 (1965), directly addressed the arbitrability of a hit and run claim under a Massachusetts uninsured motor vehicle liability provision permitted by a statute virtually identical to the one which governs this case.[2] 348 Mass. at 631. *Garney* decided that issues such as the identity of the uninsured operator or the hit and run status of the purported tortfeasor were proper subjects for arbitration. The court stated:

> "We assume that the general scope and meaning of the policy provisions may be matters not exclusively to be dealt with by arbitration. Whether, however, a particular situation of fact comes within the policy provisions (at least when their meaning has been determined) seems to us a matter which by Coverage U may be submitted to arbitration. Examples of such matters are whether the other motorist was or could be identified, whether he was insured, whether his acts or omissions caused the accident, whether he was negligent, and whether the insured was guilty of contributory negligence. Were we to

---

[2] The statute governing here, G. L. c. 175, § 111D, inserted by St. 1959, c. 438, § 2, provides in relevant part as follows: "A policy of motor vehicle liability insurance . . . may provide for the payment of all sums which the insured . . . shall be legally entitled to recover from the owner or operator of an uninsured motor vehicle . . . . Such policy . . . shall provide that determination as to whether the insured . . . is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured . . . and the insurer or, if they fail to agree, by arbitration."

The uninsured motorist provision of the standard Massachusetts automobile insurance policy follows the statute by stating that either the insurer or the "covered person" (or both) may demand arbitration if they cannot agree as to whether "the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle under the uninsured motorist portion of the policy or as to the amount of such damages."

The standard policy's definition of an uninsured motor vehicle includes a vehicle "which is a hit and run vehicle whose operator or owner cannot be identified. . . ."

decide otherwise, we would be adding . . . 'a new type of cause to an already overburdened court calendar with its attendant delay . . . and financial burden, which could be expeditiously . . . disposed of in the manner upon which the parties have agreed.' "

*Id.* at 632, quoting from the dissenting opinion of Dye, J., in *In re Arbitration between Rosenbaum and Am. Sur. Co.*, 11 N.Y.2d 310, 316 (1962).

The quoted language disposes of the question in this case. The insurer's reliance on the decisions of *Aetna Cas. & Sur. Co.* v. *Poirier*, 371 Mass. 257 (1976), and *Royal Indemnity Co.* v. *Blakely*, 372 Mass. 86 (1977), for the proposition that the identity of a hit and run driver raises a question of "coverage" under the policy which is not subject to arbitration is misplaced. In *Poirier*, the issue was "whether an insurer is obliged to provide benefits under its 'uninsured motorists coverage' . . . to an insured who, without the insurer's consent, has settled a claim against a third party whose vehicle was involved in the accident . . ." 371 Mass. at 258. In *Blakely*, the issue was whether G. L. c. 175, § 113L, allowed a family owning three motor vehicles to "stack" uninsured motorist coverages. 372 Mass. at 87. Both cases raised legal questions which required the examination of the "scope and meaning of the [respective] policy provisions" and related statutory provisions. Such "coverage" questions under the *Garney* decision are matters which do not have to be arbitrated because they involve matters of law regarding the general scope and meaning of the insurance policy. See *Employers' Fire Ins. Co.* v. *Garney*, 348 Mass. at 632.

Here, no determination of policy coverage was requested of the arbitrator, see, e.g., *Fazio* v. *Employers' Liab. Assurance Corp., Ltd.*, 347 Mass. 254, 257 (1964), or was required to be made by him. The contested issue was solely one of fact. The arbitration provision of the policy did no more than "confer . . . on the arbitrator power to decide whether 'a particular situation of fact comes within the policy provisions (at least where their meaning has been determined).' " *McGovern* v. *Middlesex Mut. Ins. Co.*, 359 Mass. 443, 445 (1971), quoting from *Employers' Fire Ins. Co.* v. *Garney*, 348 Mass. at 632. This authorization includes whether the hit and run motorist was or could be identified. The fact that the issue was determinative of whether Coverage U applied is, in this case, purely incidental. To hold otherwise could contravene the sensible position adopted in *Garney* and could result in a drawn out and bifurcated decisional process involving both an arbitrator and a judge.

The order vacating the arbitrator's award is vacated, and a new order is to be entered confirming the award. Further proceedings may be had in the Superior Court before entry of an appropriate judgment in the declaratory judgment action.

*So ordered.*

*William P. Franzese* for the defendants.
*Mary Holland Harvey* for the plaintiff.