NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-691

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 526442

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a Superior Court judge's decision affirming the Sex Offender Registry Board's (board) classification of Doe as a level three sex offender. Doe argues that the evidence did not support the level three classification and that the hearing examiner erred in denying his motion for expert funds. We affirm.

Background. 1. Index offenses. In July 2016 Doe, then twenty years old, picked up a fourteen year old girl whom he had befriended on Facebook. Doe gave the victim alcohol, and, after she became intoxicated, drove to a back road, and had sex with her in his car.

The next day, the victim learned through Facebook posts from friends and family that she had been reported as a missing person. The victim asked Doe to take her home, but he began "bugging her" for more sex. The victim said no several times. Doe got out of the car, went to the passenger's side, and tried to grab the victim's pants and crotch area. The victim was holding her waistband, telling Doe to stop, and pushing his hands away, but he persisted. Eventually, the victim stopped resisting, and Doe had sex with her a second time. He then dropped the victim off at her friend's workplace.

In June 2018 Doe pleaded guilty to two counts of rape and abuse of a child and was sentenced to two-and-one-half years of imprisonment, with eighteen months to serve and the balance suspended for six years. He was released on parole on June 12, 2020.

2. Other inappropriate behavior. The hearing examiner considered the following evidence as indicative of a pattern of inappropriate behavior with girls.

In December 2012 a woman reported to the police that Doe was harassing her fifteen year old daughter. Doe and the girl had dated, and Doe was repeatedly sending her messages through Facebook asking to get back together. When the girl blocked Doe on Facebook, he created new accounts to try to contact her. Doe persisted in this conduct despite efforts from the girl's mother

and his own mother to get him to stop. When the police spoke with Doe, he agreed to cut all ties with the girl, yet a few days later, he contacted her again. The hearing examiner considered this information as indicative of "the start of a pattern of persistence with . . . females even when told to stop."

In February 2017, while the charges on the index offenses were pending, a seventeen year old girl reported to the Department of Children and Families that Doe forced her to perform sexual acts, sell prescription pills, and smoke marijuana. The girl later recanted these allegations, stating that she and Doe had engaged in consensual activity. Although the hearing examiner did not treat this information as evidence of sexual abuse, she did consider it as part of "a concerning pattern," noting that both the girl and her mother agreed that Doe "was persistent in pursuit of sexual activity with this girl."

In May 2018, again while the charges on the index offenses were pending, a woman reported to the police that Doe was attempting to entice her sixteen year old daughter to have sex with him in exchange for marijuana. The girl disclosed that "some weird guy" had contacted her on Snapchat, asked if she smoked, and sent an image of a bag of marijuana and a condom. The girl stopped interacting with Doe once she learned his age,

3

at which point he became persistent, asked if he could meet her after school, and described the car he drove.  After receiving the report, the police went to speak with Doe, but he was not home.  That same day, the girl was at her bus stop when Doe drove by in the car he had described and asked if she had missed the bus.  He then sent the girl a photograph of the area near her home, said that "he sees her almost every day," and asked her to "get out early" to meet up with him.  After the girl blocked Doe on Snapchat, he drove by her bus stop again and told her, "Stop being so stubborn."  The girl also disclosed that Doe asked to have a "threesome" with her and her cousin, who had received similar types of messages from Doe.  Although no charges were filed, the hearing examiner found that these allegations were "substantially detailed, reliable, and credible" and showed that Doe had engaged in "stalking behaviors."

Discussion.  1.  Sufficiency of the evidence.  To justify a level three classification, the board must find "by clear and convincing evidence that 'the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination' of the offender's registration information."  Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 768 (2022), quoting G. L. c. 6,

4

§ 178K (2) (c).  "It is the province of the board, not [the] court, to weigh the credibility of the witnesses and to resolve any factual disputes."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011) (Doe No. 10800).  We will reverse a decision of the board "only if we determine that the decision is unsupported by substantial evidence or is arbitrary and capricious, an abuse of discretion, or not in accordance with law."  Id.

We conclude that substantial evidence supports the board's decision in this case to classify Doe as a level three sex offender.  The index offenses triggered the application of statutory high-risk factor 3 (adult offender and child victim) and risk-elevating factors 7 (relationship between offender and victim), 9 (alcohol and substance abuse), 16 (public place), and 19 (level of physical contact).  The hearing examiner also appropriately gave substantial weight to the "stalking behaviors" that Doe committed in May 2018 while the charges on the index offenses were pending.  In addition, Doe has an extensive criminal history, including several crimes of violence, and has violated his probation and the conditions of his pretrial release on several occasions.  Although the hearing examiner also found several risk-mitigating factors to be applicable -- including that Doe was attending sex offender treatment and had family support -- the evidence of Doe's

5

serious crimes, his "highly concerning" behavior toward other girls, his lengthy criminal history, and poor performance under prior supervision supports the hearing examiner's decision to classify him as a level three offender. See Doe No. 10800, 459 Mass. at 637.

We are unpersuaded by Doe's contention that remand is required because the hearing examiner misapplied several factors. As an initial matter, we note that Doe did not raise these arguments to the Superior Court judge and, as the board points out, issues that were not raised in the trial court are generally deemed waived. See Royal Indem. Co. v. Blakely, 372 Mass. 86, 88 (1977). In any event, even assuming Doe's arguments are not waived, they do not warrant a remand.

We agree that the hearing examiner misapplied factor 7 insofar as she found that the victim of the index offenses was a "stranger victim." "[W]here the offender and victim relationship is established via electronic communications" and the victim is a child, the victim is considered a "stranger" if the offender "transmit[s] sexually explicit materials or make[s] sexually explicit comments within 24 hours of first electronic contact." 803 Code Mass. Regs. § 1.33(7) (2016). The evidence here did not establish whether or when Doe sent sexually explicit materials or made sexually explicit comments after first communicating with the victim on Facebook. Nonetheless,

6

remand is unnecessary because the victim would still qualify as an "extrafamilial victim" under factor 7, and, as the regulation provides, "[t]he number of potential victims substantially increases when offenders choose to sexually offend against extrafamilial victims." Id. Thus, because we have no doubt that the hearing examiner would still have applied factor 7, and in light of "the underlying facts of the case," we are able to conclude that the error did not affect the level three classification. Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 804 (2022), quoting Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 301 (2021).

We see no merit to the defendant's remaining arguments. It was appropriate for the hearing examiner to give only moderate weight to risk-mitigating factor 32 (sex offender treatment) because, as she found, Doe is "relatively new to treatment." Factor 32 expressly provides for varying degrees of weight based on how far the offender has progressed in treatment. 803 Code Mass. Regs. § 1.33(32) (2016). And to the extent Doe claims that the hearing examiner misapplied factor 28 (supervision by probation or parole), her decision to give this factor minimal weight is supported by the language of the regulation, which states, "Factor 28 may be given less weight if there is a

history of probation violations."  803 Code Mass. Regs. § 1.33(28) (2016).

2. <u>Motion for expert funds</u>.  Doe argues that the hearing examiner should have allowed his motion for funds so that he could retain an expert to evaluate his "risk of reoffending and dangerousness given his diagnosis and treatment for depression."  But he did not argue this in his motion, which sought an expert to evaluate how Doe's "immaturity" affected his risk of reoffense and dangerousness.  It was not an abuse of discretion for the hearing examiner to fail to act sua sponte and grant funds on a ground that was not raised in the motion.  See <u>Doe, Sex Offender Registry Bd. No. 58574</u> v. <u>Sex Offender Registry Bd</u>., 98 Mass. App. Ct. 307, 310 (2020) (denial of motion for expert funds reviewed for abuse of discretion).  Doe has therefore waived the argument.  See <u>Doe, Sex Offender Registry Bd. No. 203108</u> v. <u>Sex Offender Registry Bd</u>., 87 Mass. App. Ct. 313, 320 (2015).

<u>Judgment affirmed</u>.

By the Court (Sacks, Shin & Hershfang, JJ.[1]),

Clerk

Entered:  December 31, 2024.

---

[1] The panelists are listed in order of seniority.

8