ATTORNEY GENERAL *vs.* JOSEPH GOLDBERG
(and a companion case[1]).

Suffolk. May 7, 1953. — June 4, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Judge. District Court*, Judge. *Statute*, Construction. *Central District Court of Worcester.*

St. 1947, c. 588, § 2, providing that no vacancy in the offices of special justice in the Central District Court of Worcester should be filled, was intended merely to abolish such offices as vacancies should occur,

---

[1] The companion case is Attorney General *vs.* Ralph W. Igoe.

while preserving then existing tenures, and, such purpose having been accomplished when both of the two special justices holding office at the time of its enactment ceased to hold office before the enactment of St. 1949, c. 731, recreating the two offices of special justice, did not preclude the filling of the recreated offices.

St. 1949, c. 731, amending G. L. (Ter. Ed.) c. 218, § 6, by inserting therein paragraphs including the provision that "There shall be . . . two special justices in" the Central District Court of Worcester, recreated the two offices of special justice, which had been previously abolished; the plain words of such provision were not controlled by the fact that that court was not mentioned, and another court was mentioned, in the title of the 1949 statute.

Two INFORMATIONS, filed in the Supreme Judicial Court for the county of Suffolk on March 2, 1953.

The cases were reserved and reported by *Lummus,* J.

*Harris A. Reynolds,* Assistant Attorney General, (*George Fingold,* Attorney General, & *Sidney A. Aisner,* Assistant Attorney General, with him,) for the Attorney General.

*Edward O. Proctor,* (*James W. Kelleher* with him,) for the respondents.

LUMMUS, J.   These are informations in the nature of quo warranto, under G. L. (Ter. Ed.) c. 249, § 12, filed by the Attorney General on March 2, 1953, against two persons claiming the right to hold the office of special justice of the Central District Court of Worcester, they having been nominated on December 31, 1952, and confirmed and qualified on January 7, 1953.   Upon agreed facts, both cases were reserved and reported to the full court by a single justice.

Under G. L. (Ter. Ed.) c. 218, § 6, the Central District Court of Worcester had one justice and three special justices.   Then St. 1941, c. 664, approved October 21, 1941, changed that to one justice and one special justice, with a provision that "This act shall not affect the tenure of office of any special justice in office upon its passage."   By St. 1947, c. 588, § 1, "two special justices" were provided for the Central District Court of Worcester.   But § 2 provided that "Notwithstanding the provisions of section one of this act, no vacancy in the office of special justice in the central district court of Worcester occurring after the effec-

tive date of this act, shall be filled." The statute of 1947 took effect on June 27, 1947, at which time there were two special justices in that court, both of whom had held office for some years but ceased to hold office on or before July 19, 1949.

Statute 1947, c. 588, § 2, has never been expressly amended or repealed. But since 1947 there have been further amendments of G. L. (Ter. Ed.) c. 218, § 6, adding three other District Courts to the class of courts with two justices and two special justices. St. 1949, c. 731. St. 1951, c. 762. St. 1952, c. 560. It is true that the titles of those enactments did not mention the Central District Court of Worcester, but stated the purpose to make changes in the other courts. All, however, stated in the text that "There shall be two justices and two special justices in the central district court of Worcester," and it is settled that plain words in the text of a statute are not to be cut down by its title. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 501. *Opinion of the Justices*, 309 Mass. 631, 639-640. *Flynn* v. *Board of Registration in Optometry*, 320 Mass. 29, 31-32.

We do not think it reasonable to construe the statute of 1947 as providing for two special justices in the Central District Court of Worcester while forbidding the executive department ever to fill vacancies in the office of special justice, even if such an enactment would be constitutionally valid. See Constitution of Massachusetts, Part II, c. 2, § 1, art. 9. We think that St. 1947, c. 588, § 2, in providing that no vacancy should be filled, intended to preserve existing tenures but to abolish the office of special justice as vacancies should occur, as they did on or prior to July 19, 1949. Then when St. 1949, c. 731, was approved on August 22, 1949, we think the offices of two special justices were again created. These offices, we think, were lawfully filled by the appointment of the respondents. In each case the entry will be

*Information dismissed.*