MICHAEL K. GREELEY *vs.* CIVIL SERVICE COMMISSION & others.

Suffolk.    October 12, 1973. — February 8, 1974.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Certiorari. Civil Service,* Veterans' preference. *Veteran. Statute,* Construction.   *Constitutional Law,* Equal protection of laws. *Words,* "Veteran," "Active service in the armed forces," "Clause."

Where it appeared that one seeking civil service preference under G. L. c. 31, §§ 21-25, as a veteran had active duty for training in the army national guard for six months in 1961 and thereafter attended annual two-week training programs therein until 1965, when he transferred to the army reserve, that in the reserve he engaged in a two-week training program in 1965, but through illness contracted therein he was confined in a service hospital for seven months in 1965-1966, and that thereafter he was retired from the army reserve with a service-

---

connected disability, it was held that he was not a "veteran" within the definition in c. 4, § 7, cl. Forty-third, as amended through St. 1968, c. 531, and therefore not entitled to preference as such [751-753]; and that exclusion of him from classification as a veteran did not deprive him of his constitutional right to equal protection of the laws [754].

PETITION for a writ of certiorari filed in the Superior Court on May 3, 1973.

The case was heard by *Kalus,* J.

*Gordon A. Martin, Jr.,* for the petitioner.

*Jason A. Rosenberg,* Assistant City Solicitor, for the Chief of the Newton Fire Department.

*Edward D. Kalman,* Deputy Assistant Attorney General, for the Civil Service Commission & another.

ARMSTRONG, J.   The petitioner appeals from an order of the Superior Court dismissing his petition for a writ of certiorari directed to the Civil Service Commission, the Acting Director of Civil Service and the chief of the fire department of the city of Newton. While the meager record before us omits the pleadings and does not otherwise disclose the exact nature of the ultimate relief sought, we infer that the petitioner seeks to establish his right to preference as a "veteran" on an eligibility list for promotion in the fire department pursuant to G. L. c. 31, §§ 21-25, and to overturn the decision of the Director of Civil Service and the Civil Service Commission that he is not a "veteran" within the meaning of those statutes. We assume, without deciding, that certiorari is available for this purpose. See *Reidy* v. *Acting Director of Civil Service,* 354 Mass. 760 (1968).

The facts are undisputed. The petitioner enlisted in the army national guard on January 12, 1961, and was on active duty therein from March 12 to September 11 of that year. His only national guard service thereafter consisted of attending annual two-week training programs until 1965. On January 11, 1965, he transferred to the army reserve, and commenced active duty therein by attending a two-week training program on July 17 of that year. During that two-week period he contracted myelitis and was confined

at the Chelsea Naval Hospital by reason thereof until February 23, 1966. On December 6, 1966, he was retired from the army reserve with a service-connected disability.

Whether this military service makes the petitioner a "veteran" for the purposes of the veterans' preference law turns on the definition of that term in G. L. c. 31, § 21 (as amended through St. 1972, c. 98), which (with exceptions not here material) provides that the word "veteran" as used in G. L. c. 31 shall mean "any citizen who . . . is a veteran as defined in clause Forty-third of [G. L. c. 4, § 7] . . .." Clause Forty-third of G. L. c. 4, § 7, (as amended through St. 1968, c. 531[1]) contains twelve paragraphs, but only the first,

---

[1] Forty-third, "Veteran" shall mean any person, male or female, including a nurse, (a) whose last discharge or release from his wartime service, as defined herein, was under honorable conditions and who (b) served in the army, navy, marine corps, coast guard, or air force of the United States for not less than ninety days active service, at least one day of which was for wartime service, provided that any person who so served in wartime and was awarded a service-connected disability or a Purple Heart, or who died in such service under conditions other than dishonorable, shall be deemed to be a veteran notwithstanding his failure to complete ninety days of active service.

"Wartime service" shall mean service performed by a "Spanish War veteran", a "World War I veteran", a "World War II veteran", a "Korean veteran", a "Vietnam veteran", or a member of the "WAAC", as defined in this clause during any of the periods of time described herein or for which such medals described below are awarded.

"Spanish War veteran" shall mean any veteran who performed such wartime service between February fifteenth, eighteen hundred and ninety-eight and July fourth, nineteen hundred and two.

"World War I veteran" shall mean any veteran who (a) performed such wartime service between April sixth, nineteen hundred and seventeen and November eleventh, nineteen hundred and eighteen, or (b) has been awarded the World War I Victory Medal, or (c) performed such service between March twenty-fifth, nineteen hundred and seventeen and August fifth, nineteen hundred and seventeen, as a Massachusetts National Guardsman.

"World War II veteran" shall mean any veteran who performed such wartime service between September sixteenth, nineteen hundred and forty and December thirty-first, nineteen hundred and forty-six, except that for the purposes of chapter thirty-one it shall mean all active service between the dates of September sixteenth, nineteen hundred and forty and June twenty-fifth, nineteen hundred and fifty.

"Korean veteran" shall mean any veteran who performed such wartime service between June twenty-fifth, nineteen hundred and fifty and January thirty-first, nineteen hundred and fifty-five, both dates inclusive.

"Korean emergency" shall mean the period between June twenty-fifth, nineteen hundred and fifty and January thirty-first, nineteen hundred and fifty-five, both dates inclusive.

"Vietnam veteran" shall mean (1) any person who performed such wartime service during the period commencing August fifth, nineteen hundred and sixty-

second, eighth and last of those paragraphs are pertinent to the petitioner's claim.

The first paragraph of clause Forty-third, insofar as material, defines a "veteran" as "any person . . . (*a*) whose last discharge or release from his wartime service, as defined herein, was under honorable conditions and who (*b*) served in the army . . . of the United States for not less than ninety days active service, at least one day of which was for wartime service, provided that any person who so served in wartime and was awarded a service-connected disability . . . shall be deemed to be a veteran notwithstanding his failure to complete ninety days of active service."

four and ending on a date to be determined by presidential proclamation and concurrent resolution of the congress of the United States or (2) any person who served at least one hundred and eighty days of active service in the armed forces of the United States during the period between February first, nineteen hundred and fifty-five and August fourth, nineteen hundred and sixty-four, except that any such person who served in said armed forces during said period and was awarded a service-connected disability or a Purple Heart, or who died in said service under conditions other than dishonorable, shall be deemed to be a veteran notwithstanding his failure to complete one hundred and eighty days of active service.

"WAAC" shall mean any woman who was discharged and so served in any corps or unit of the United States established for the purpose of enabling women to serve with, or as auxiliary to, the armed forces of the United States and such woman shall be deemed to be a veteran.

None of the following shall be deemed to be a "veteran":

(*a*) Any person who at the time of entering into the armed forces of the United States had declared his intention to become a subject or citizen of the United States and withdrew his intention under the provisions of the act of Congress approved July ninth, nineteen hundred and eighteen.

(*b*) Any person who was discharged from the said armed forces on his own application or solicitation by reason of his being an enemy alien.

(*c*) Any person who was designated as a conscientious objector upon his last discharge or release from the armed forces of the United States.

(*d*) Any person who has been proved guilty of wilful desertion.

(*e*) Any person whose only service in the armed forces of the United States consists of his service as a member of the coast guard auxiliary or as a temporary member of the coast guard reserve, or both.

(*f*) Any person whose last discharge or release from the armed forces is dishonorable.

"Armed forces" shall include army, navy, marine corps, air force and coast guard.

"Active service in the armed forces", as used in this clause shall not include active duty for training in the army national guard or air national guard or active duty for training as a reservist in the armed forces of the United States.

The second paragraph of clause Forty-third defines "wartime service" as service performed by veterans of specified wars or by a member of the "WAAC". The eighth paragraph, which is one of a series of paragraphs defining veterans of the wars specified in the definition of "wartime service" (see n. 1), gives a two-part definition of the term "Vietnam veteran": "(1) any person who performed such wartime service during the period commencing August [5, 1964] . . . and ending on a date to be determined by presidential proclamation and concurrent resolution of the congress of the United States or (2) any person who served at least one hundred and eighty days of active service in the armed forces of the United States during the period between February [1, 1955] . . . and August [4, 1964] . . . ."

The last paragraph of clause Forty-third provides: " 'Active service in the armed forces', as used in this clause shall not include active duty for training in the army national guard or air national guard or active duty for training as a reservist in the armed forces of the United States."

No question has been raised as to whether the petitioner was discharged "under honorable conditions," as required by subparagraph (a) of the first paragraph of clause Forty-third. Nor can it be doubted that he performed military duty during wartime, as required by subparagraph (b) of that paragraph, for his military duty as an army reservist in 1965 fell within the time period set forth in subparagraph (1) of the paragraph defining "Vietnam veteran."[2] While there is some question whether the duties he performed in 1965 constitute "service" (see *Dunn* v. *Commissioner of Civil Service,* 281 Mass. 376 [1933]; *Weiner* v. *Boston,* 342 Mass. 67 [1961]), we assume, without deciding, that the petitioner satisfied the requirement of "at least one

---

[2] The petitioner correctly concedes, however, that his prior service in the national guard does not qualify him as a "Vietnam veteran" under subparagraph (2) because of the requirement of "active service in the armed forces" in that subparagraph, and the disallowance of national guard training duty as such "active service" in the last paragraph of clause Forty-third.

day ... [of] wartime service" contained in subparagraph (*b*) of the first paragraph. The sole issue, then, is whether the petitioner's military history brings him within the provisions of subparagraph (*b*) relating to "active service."

1. The petitioner first contends that his seven months' confinement in the Chelsea Naval Hospital satisfied the requirement in subparagraph (*b*) of the first paragraph of "not less than ninety days active service." We disagree. The last paragraph of clause Forty-third provides that "active duty for training as a reservist in the armed forces of the United States" does not constitute "active service in the armed forces." At the time the petitioner contracted the illness which resulted in his hospitalization, he was engaged in an annual two-week program "for training as a reservist" and was therefore not performing "active service in the armed forces." His ensuing hospitalization was at most a prolongation of that training program, and no more constituted "active service" than the training program which caused it.

The petitioner attempts to avoid this conclusion by arguing that the paragraph which restricts the meaning of "active service in the armed forces" applies only to that term as used in the paragraph defining "Vietnam veteran" — where it appears only in subparagraph (2), which is admittedly inapplicable to the petitioner. This argument is apparently based on the fact that the applicable version of the paragraph defining "Vietnam veteran" and the one defining "active service in the armed forces" were both inserted in clause Forty-third by St. 1968, c. 531. The latter paragraph, however, is expressly made applicable to "this clause," and an examination of the act whereby § 7, Forty-third, was originally inserted (St. 1954, c. 627, § 1), the subsequent acts amending it (St. 1955, c. 403, § 1; St. 1957, c. 164, § 1; St. 1960, c. 299; St. 1960, c. 544, § 1; St. 1965, c. 875; St. 1966, c. 716; St. 1967, c. 437; St. 1968, c. 531) and other provisions in the General Laws referring to it (including the provision of G. L. c. 31, § 21, involved in the present case) discloses a consistent legislative practice of

using the word "clause" to embrace § 7, Forty-third, in its entirety. Actually, until the 1968 amendments the substance of the paragraph defining "active service in the armed forces" was a part of the paragraph defining "Vietnam veteran" (see St. 1967, c. 437). The fact that it was removed from that paragraph and placed in a separate paragraph at the end of clause Forty-third by St. 1968, c. 531, is further evidence of a legislative intention to broaden its application.

The petitioner's contention that the paragraph defining "active service in the armed forces" is inapplicable to the first paragraph of clause Forty-third may also be based in part on the absence from the first paragraph of the words "in the armed forces" following the words "active service." We attach no significance to this omission. The "active service" referred to in the first paragraph must have been performed "in the army, navy, marine corps, coast guard, or air force," and those branches of service collectively constitute the "armed forces" as that term is defined in the penultimate paragraph of clause Forty-third (see n. 1). Thus, there is no discernible difference in meaning between "active service" in the first paragraph and "active service in the armed forces" in the last. Moreover, clause Forty-third is too cumbersome in concept and its component paragraphs too disparate in drafting style to bear intricate analysis based on such slight differences in form of expression. Rather, clause Forty-third must be approached as a whole, with a view to understanding the legislative intent underlying it. We are of the opinion that the term "active service" in the first paragraph was intended by the Legislature to be governed by the definition of "active service in the armed forces" in the last paragraph. In arriving at this conclusion we are not unmindful of the fact that St. 1968, c. 531, whereby the applicable version of the paragraph defining "Vietnam veteran" and the last paragraph were inserted in clause Forty-third, was entitled, "An Act further defining 'Vietnam veteran'." However, "it is settled that plain words in the text of a statute are not to be cut

down by its title." *Attorney Gen.* v. *Goldberg,* 330 Mass. 291, 293 (1953).[3]

2. The petitioner next contends that even if he cannot satisfy the "active service" requirement of the first paragraph of clause Forty-third, he is excused from that requirement by reason of his having been awarded a service-connected disability. He relies for this proposition on the proviso in subparagraph (*b*) of that paragraph, whereby "any person who so served in wartime and was awarded a service-connected disability . . . shall be deemed to be a veteran notwithstanding his failure to *complete* ninety days of active service" (emphasis supplied).

In our view this is a strained interpretation at best. "Failure to complete" is not, as the petitioner seems to believe, synonymous with "failure to begin," but implies instead that the thing not completed has already been begun. The use of that expression in the proviso was obviously designed to cover the case of the person whose active service was cut short; we do not believe that it was intended to apply to the person who performed no "active service" whatever. This conclusion is borne out by the terms of the "wartime service" requirement earlier in the same paragraph: "ninety days active service, at least one day of which was for wartime service." The Legislature has thus required that the minimum of one day of *wartime* service coincide with a day of *active* service. The proviso relied upon by the petitioner applies only to a person "who *so* served in wartime" (emphasis supplied). For these reasons the petitioner cannot avail himself of the proviso to qualify as a "veteran."

---

[3] The inappropriateness of the title in this instance is doubtless attributable to the fact that the bill on which c. 531 was based, as originally filed by the Commissioner of Veterans' Services, did relate exclusively to the definition of "Vietnam veteran." See 1968 House Doc. No. 172, and the Commissioner's report thereon in 1968 House Doc. No. 171. The Commissioner's bill was extensively amended by the Senate by the substitution of 1968 Senate Doc. No. 1150, and was enacted as St. 1968, c. 531, in the latter form without a corresponding amendment to its title.

3. The petitioner's final contention is that his exclusion from the scope of the veterans' preference law would deny him the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States, and would deny him similar rights guaranteed by arts. 1 and 10 of the Declaration of Rights of the Constitution of the Commonwealth. There is no merit in this contention.

Clearly the Legislature may afford some classes of veterans a greater preference than others. See *Hutcheson* v. *Director of Civil Service,* 361 Mass. 480, 485-487 (1972). We think it equally clear that the Legislature may provide a lesser preference or no preference at all for some classes of persons who have performed military duties, provided that the classification is not arbitrary or unreasonable.

With regard to the petitioner's history as a reservist in 1965, we perceive nothing arbitrary or unreasonable in the distinction the Legislature has drawn between a person whose military career (but for an illness requiring hospitalization) was confined to participation in a two-week training program on the one hand, and a person whose military commitment extended over a far more substantial period of time and included accomplishment of the objects for which those training programs were conducted, on the other. See *Dunn* v. *Commissioner of Civil Service,* 281 Mass. 376 (1933); *Weiner* v. *Boston,* 342 Mass. 67 (1961). What has been said applies as well to the petitioner's annual two-week training duty in the army national guard prior to 1965.

As to the petitioner's six months of "active duty" in the army national guard in 1961, he concedes in his brief that it was "for training" and within the exclusion contained in the last paragraph of G. L. c. 4, § 7, Forty-third, but the record discloses nothing further about the nature of that duty and affords no factual basis for comparing it with the type of military duty which qualifies as "active service" under clause Forty-third. On this record we cannot say that the Legislature was arbitrary or unreasonable in denying

veterans' preference to persons performing "active duty for training in the army national guard."

*Order dismissing petition affirmed.*