1998 ME 235

**GSA, INC.**

v.

**David A. STRONG, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 1998.
Decided Oct. 28, 1998.

Randal E. Watkinson (orally), Strout & Payson, P.A., Rockland, for plaintiff.

Stephen P. Beale (orally), Skelton, Taintor & Abbott, P.A., Auburn, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

CALKINS, Justice.

[¶ 1]  David Strong appeals from a judgment entered after a bench trial in the Supe-

rior Court (Kennebec County, *Alexander, J.*) in favor of GSA, Inc. on Strong's counterclaim seeking damages equal to contributions that he alleges should have been made by GSA into a pension plan for him. The trial court denied the claim concluding that Strong voluntarily elected not to participate in the pension plan in exchange for receiving greater compensation. Because we conclude that the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461 (1994), preempt the application of state law to this matter, we vacate the judgment.

[¶ 2] GSA is a Maine corporation in the business of asbestos removal. The parties stipulated at trial that Strong was an employee of GSA between 1990 and August 22, 1995. When the employment relationship between Strong and GSA ended, GSA filed a complaint in District Court to collect payment on loans that it had made to Strong. Strong removed the action to Superior Court and filed a counterclaim with several counts. The complaint was amended to add further claims, and all counts of the complaint and counterclaim were tried to the court without a jury. Only one issue is before us on appeal, and that is Strong's claim for an amount equal to his vested pension benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (1994).

[¶ 3] GSA adopted a pension plan in 1990. The Superior Court found that Strong was eligible to participate, and should have participated, in the plan. GSA's plan states that it "does not permit an otherwise eligible employee ... not to participate in the plan." Strong contends that GSA was required to make contributions to the pension plan in his behalf. The trial court made no findings as to any amounts that GSA should have con-

tributed to the plan because it found that Strong had waived participation in the plan in exchange for increased compensation and, therefore, was not entitled to recover funds from GSA equivalent to his vested share of the pension plan.

[¶ 4] After judgment, Strong timely moved to amend the trial court's decision pertaining to his ERISA claim on the ground that federal law preempts the application of state law equitable defenses. The motion was denied. Strong also claims on appeal that the trial court lacked subject matter jurisdiction to apply the equitable defense of waiver to an action brought pursuant to 29 U.S.C. § 1132(a)(1)(B).[1]

## I. Jurisdiction

[¶ 5] Congress granted to the federal courts exclusive jurisdiction of civil actions brought by a participant, beneficiary or fiduciary to enjoin any violation of ERISA or an ERISA plan, or "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (1994) and 1132(e)(1) (1994).[2] State courts have concurrent jurisdiction only over civil actions brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

[¶ 6] Strong specifically relied on 29 U.S.C. § 1132(a)(1)(B) in his counterclaim. The Superior Court had jurisdiction over Strong's ERISA counterclaim because it is an action "to recover benefits due to him under the terms of his plan." *Id.* He main-

---

1. Neither the trial court nor the parties have named the equitable considerations employed by the court in denying the ERISA claim. In fact, the trial court did not use the term "equitable" in its initial decision, but in its decision denying Strong's motion to amend it referred to "equitable considerations." No affirmative defenses were pled to the ERISA claim. We conclude, however, that the principle applied by the trial court is, in fact, waiver. *See Department of Human Serv. v. Bell*, 1998 ME 123, ¶ 6, 711 A.2d 1292, 1294–95 (defining waiver as the voluntary and knowing relinquishment of a right).

2. In relevant part, 29 U.S.C. § 1132(e) states:

   Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter.... State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

   29 U.S.C.A. § 1132(e)(1) (1994).

tains that although the court had jurisdiction to determine his claim pursuant to subsection (a)(1)(B), it did not have jurisdiction to apply an equitable defense. He argues the very existence of section 1132(a)(3), listing equitable remedies, precludes the application of equitable principles to suits filed in state court pursuant to section 1132(a)(1)(B).

■ [¶ 7] Actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B) are equitable actions. The majority of the federal circuit courts hold that there is no right to a jury trial in section 1132(a)(1)(B) actions because they are equitable actions.[3] These courts recognize that ERISA is based upon the law of trusts, and suits under the law of trusts are generally characterized as equitable. *Wardle v. Central States, S.E. and S.W. Areas Pension Fund,* 627 F.2d 820, 829 (7th Cir.1980). We see no reason to depart from the majority federal view. Because claims brought pursuant to 29 U.S.C. § 1132(a)(1)(B) sound in equity, the Superior Court has jurisdiction to apply equitable principles to Strong's counterclaim.

## II. Preemption and federal common law waiver

■ [¶ 8] Strong contends that even if state courts generally have jurisdiction to apply equity to section 1132(a)(1)(B) actions, the Superior Court's decision in this case was preempted by federal law. The provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) (1994). "State law," in these circumstances, means all laws, decisions, rules, regulations or other state action having the effect of law. 29 U.S.C. § 1144(c)(1) (1994). Courts interpret the preemption provisions expansively because they are designed to make the regulation of pension plans an exclusively federal concern. *Pilot Life Ins. Co.*

*v. Dedeaux,* 481 U.S. 41, 45–46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Therefore, even when the state law itself does not expressly concern a benefit plan, preemption still applies insofar as the state law affects ERISA-protected rights. *Boren v. N.L. Indus., Inc.,* 889 F.2d 1463, 1466 (5th Cir.1989).

■ [¶ 9] Strong argues that the Superior Court applied a state law defense of waiver to defeat his ERISA claim, and that such application was erroneous because state law is preempted in this instance. We agree. Although not a defense that expressly relates to pension plans, state law waiver is preempted because it is being applied to defeat Strong's claim for benefits under ERISA.

■ [¶ 10] Even though the application of state law is preempted, federal law defenses can be applied by state courts. Some federal courts have recognized that a federal common law waiver exists for ERISA cases. *See HECI Explor. Co. Employees' Profit Sharing Plan v. Holloway (In re HECI Explor. Co.),* 862 F.2d 513, 523 n. 18 (5th Cir. 1988) (citing cases considering federal common law waiver). The federal common law of waiver does not apply, however, where the terms of the pension plan forbid it. *Id.* at 524–25. In the *HECI* case, a bankruptcy court held that an employee had waived his right to participate in a partial distribution of plan benefits to terminated employees. That plan provided that an employee could elect not to participate in the plan by giving written notice, but the employee had never given written notice of non-participation. Therefore, the Fifth Circuit Court of Appeals held that there was no waiver. *Id.* at 525. As discussed above, GSA's plan unambiguously states that non-participation in the plan is not an election that eligible employees can make. Strong was an eligible employee.

**3.** *DeFelice v. American Int'l Life Assurance Co. of N.Y.,* 112 F.3d 61, 64 (2d Cir.1997); *Cox v. Keystone Carbon Co.,* 894 F.2d 647, 649–50 (3d Cir.1990); *Berry v. Ciba–Geigy Corp.,* 761 F.2d 1003, 1006–07 (4th Cir.1985); *Borst v. Chevron Corp.,* 36 F.3d 1308, 1324 (5th Cir.1994); *Bair v. General Motors Corp.,* 895 F.2d 1094, 1097 (6th Cir.1990); *Wardle v. Central States, S.E. and S.W. Areas Pension Fund,* 627 F.2d 820, 829 (7th Cir. 1980); *Kirk v. Provident Life & Accident Ins. Co.,* 942 F.2d 504, 506 (8th Cir.1991); *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1357 (9th Cir.1984); *Blake v. Unionmutual Stock Life Ins. Co. of Am.,* 906 F.2d 1525, 1526 (11th Cir.1990).

Under the terms of the plan, non-participation was impermissible. Thus, the federal law of waiver cannot defeat Strong's claim for benefits.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.