CENTRAL TRANSPORT, INC. *vs.* PACKAGE PRINTING CO., INC.

Hampden. January 8, 1999. - March 9, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Constitutional Law,* Federal preemption, Interstate commerce. *Jurisdiction,* Federal preemption. *Interstate Commerce. Waiver.*

Discussion of Federal preemption as an issue of subject matter jurisdiction or as a waivable nonjurisdictional issue. [191-193]

This court concluded that where Federal statutes involve a choice of law rather than a choice of forum, parties do not have a right to raise a preemption argument for the first time on appeal. [193]

Where the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707 (1994), imposing regulations on the liability of carriers for lost or damaged goods, is a choice of law statute and, as such, does not affect a State court's power to adjudicate the matter, a carrier that did not raise the issue of preemption in State court waived its preemption defense under Federal law principles of waiver. [193-195]

CIVIL ACTION commenced in the Springfield Division of the District Court Department on July 3, 1991.

On removal to the Superior Court Department, the defendant's counterclaim was heard by *William H. Welch,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Louis Movitz* for the plaintiff.

*Steven M. Coyle* for the defendant.

LYNCH, J. This appeal raises the question whether a claim of preemption based on the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707 (1994), presents an issue of subject matter jurisdiction which may be raised at any time, or alternatively, one of choice of law which may be waived. The action was tried first in the District Court and, after a judgment for Central Transport, Inc. (Central), on its main claim and a judgment for Package Printing Co., Inc. (Package), on its counterclaim, Central sought a retrial in the Superior Court on the counterclaim. See G. L. c. 231, §§ 102, 103, & 104. After a

jury-waived trial, a Superior Court judge found for Package and Central appeals. We transferred the matter here on our own motion. For the reasons set forth below, we affirm.

*Facts.* The Superior Court judge found the following: On February 5, 1988, Central agreed to deliver rolls of cellulose made by Package from Massachusetts to Krisp Pak Co. (Krisp Pak), a Package customer in Virginia. On receipt of the shipment, Central signed a bill of lading indicating that the product was received in good condition. When Krisp Pak received the shipment on February 9, 1988, forty-six of the sixty-two rolls of cellulose were damaged.

Despite efforts made by Package, Central refused to give Package credit to cover the damage caused during shipment.[1] Package, however, continued to use Central to ship its product while the present damage claim was pending. Package refused to pay the shipping charges for shipments made after February 5, 1988. As a result, Central initiated suit in the District Court to recover $4,213 from Package, which the District Court judge found, and Package did not dispute, was due to Central for these shipments. Package counterclaimed for damages to its goods, asserting causes of action for breach of contract and violation of G. L. c. 93A. The District Court judge found Central liable on both counts, awarding $6,890 for the breach of contract claim, and $13,780 plus attorney's fees on the c. 93A claim.

Central transferred this matter pursuant to G. L. c. 231, § 104, to the Superior Court, and there a Superior Court judge sitting without a jury entered judgment for Package. Central did not raise the issue of preemption by the Carmack Amendment either during the District Court proceedings, or in the Superior Court. Central argues for the first time on appeal that Package's State

---

[1]The cellulose product consisted of plastic bags used in the food industry. The bags were marked with Krisp Pak's logo, and could not be used by another company. Photographs of the damage were sent to Central's claim department in Michigan. Krisp Pak demanded, and Package gave, credit for $6,890 on its total bill of $16,944.10 to cover the damaged product. On March 29, 1988, Package sent Central written notice of the damage claim in the amount of $4,645.93. Package notified Central that the goods were available for inspection at Krisp Pak. On May 6, 1988, Central sent Package an acknowledgment of the damage claim, but never investigated the damage claim as was customary in such cases. There was evidence that indicated that Central had a policy of paying claims up to $1,000 but denying claims for any greater amount. Package was later notified that additional damage was discovered. According to Central, the claim was denied on January 12, 1990, yet Package was never notified.

law claims should be dismissed because they are preempted by Federal law.

Central concedes that it has raised the issue of Federal preemption for the first time on appeal. Ordinarily, a nonjurisdictional issue not presented below is precluded from being asserted on appeal. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977), and cases cited. However, Central asserts that its claim is jurisdictional and thus nonwaivable. Central primarily relies on two of our prior decisions, *Chestnut-Adams Ltd. Partnership* v. *Bricklayers & Masons Trust Funds of Boston*, 415 Mass. 87 (1993), and *Barry* v. *Dymo Graphic Sys., Inc.*, 394 Mass. 830 (1985), where we concluded that a preemption claim under the Employment Retirement Income Security Act of 1974, 29 .U.S.C. §§ 1001 et seq. (ERISA), raises an issue of subject matter jurisdiction that can be raised for the first time on appeal.[2]

We note that the majority of Federal courts have concluded that, where a Federal statute only controls what substantive law applies rather than the forum in which the matter must be adjudicated, preemption is a waivable affirmative defense. See *Wolf* v. *Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995); *Violette* v. *Smith & Nephew Dyonics, Inc.*, 62 F.3d 8, 11-12 (1st Cir. 1995), cert. denied, 517 U.S. 1167 (1996); *Sweeney* v. *Westvaco Co.*, 926 F.2d 29, 37-41 (1st Cir.), cert. denied, 502 U.S. 899 (1991); *Dueringer* v. *General Amer. Life Ins. Co.*, 842 F.2d 127, 130 (5th Cir. 1988); *Johnson* v. *Armored Transp. of Cal., Inc.*, 813 F.2d 1041, 1043-1044 (9th Cir. 1987); *Gilchrist* v. *Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1497 (9th Cir. 1986).

These decisions arose from *International Longshoremen's Ass'n* v. *Davis*, 476 U.S. 380 (1986), in which the Supreme Court decided that, where Congress has vested jurisdiction exclusively in one forum, preemption can be raised at any time because the "[F]ederal law itself 'oust[ed] the jurisdiction of the state court' [and] [t]he state judgment thus 'was not merely erroneous but was beyond [the state court's] power, void, and

---

[2] We note that, in our decision in *Chestnut-Adams Ltd. Partnership* v. *Bricklayers & Masons Trust Funds of Boston*, 415 Mass. 87 (1993), we relied on *Barry* v. *Dymo Graphic Sys., Inc.*, 394 Mass. 830 (1985), decided before *International Longshoremen's Ass'n* v. *Davis*, 476 U.S. 380 (1986), in which the Supreme Court first distinguished between choice of law and choice of forum preemption.

subject to collateral attack.' " *Id.* at 393 n.11, quoting *Kalb* v. *Feuerstein*, 308 U.S. 433, 438 (1940). However, the Court limited the application of its holding and stated:

> "[O]ur decision today does not apply to pre-emption claims generally but only to those pre-emption claims that go to the State's actual adjudicatory or regulatory power as opposed to the State's substantive laws. The nature of any specific pre-emption claim will depend on congressional intent in enacting the particular pre-empting statute."

*International Longshoremen's Ass'n* v. *Davis, supra* at 391 n.9.

The United States Court of Appeals for the First Circuit has held that preemption by the Labor Management Relations Act (LMRA) is waivable because "LMRA § 301 pre-emption (unlike NLRA [National Labor Relations Act] §§ 7 and 8 preemption) concerns what *law* a decision maker must apply, not what *forum* must decide the dispute" (emphasis in original). *Sweeney* v. *Westvaco Co., supra* at 39. The *Sweeney* court agreed with the approach of the United States Court of Appeals for the Ninth, Sixth, and Seventh Circuits and concluded that, where the issue of preemption does not affect the court's adjudicatory power but rather concerns the choice of law that should be applied, parties could waive preemption, and thus cannot ordinarily raise it for the first time on appeal. *Id.* at 39-40, and cases cited.

In *Wolf* v. *Reliance Standard Life Ins. Co., supra* at 448, the court applied the same rule in an ERISA action reasoning:

> "The plain language of § 1132 tells us that if a plaintiff brought a 'benefits-due' action in state court and the defendant pleaded ERISA preemption, this would not deprive the court of jurisdiction over the subject matter; rather, ERISA preemption in that situation would dictate the applicable law. Preemption is, as *Sweeney* says, ultimately 'a matter of Congressional intent, as embodied, explicitly or implicitly, in a particular federal statute.' *Sweeney*, 926 F.2d at 38. In considering that intent, we are guided by a number of factors. It is instructive, though not necessarily dispositive, that ERISA, like the statute in *Sweeney*, is a choice of law rather than a choice of forum statute. We also believe that the interests in uniformity which Congress hoped to serve in ERISA did not extend

to permitting defendant corporations, often more sophisticated about ERISA than individual plaintiffs, to sit on their hands and not claim the defense until the last minute."

See *Violette* v. *Smith & Nephew Dyonics, Inc., supra* at 10.[3]

There is strength to this reasoning, and therefore we now adopt the rule favored by Federal courts and conclude that, where the Federal statutes involve a choice of law rather than a choice of forum, parties do not have an absolute right to raise a preemption argument for the first time on appeal.

The Carmack Amendment imposes regulations on the liability of carriers for lost or damaged goods.[4] Although enacted without

---

[3]In *Violette* v. *Smith & Nephew Dyonics, Inc.*, 62 F.3d 8, 11-12 (1st Cir. 1995), cert. denied, 517 U.S. 1167 (1996), the court rejected a defense of preemption that was asserted in the petitioner's answer, but was never argued before the trial court or on appeal. The court stated:

"In *Sweeney*, however, we pointed out that the *Davis* principle stemmed from federal statutes involving a 'choice-of-forum rather than a choice-of-law question.' *Sweeney*, 926 F.2d at 38 (quoting *Davis*, 476 U.S. at 391 & n.9, 106 S. Ct. at 1912 & n.9). That is, where Congress has designated another forum for the resolution of a certain class of disputes, such as the National Labor Relations Board in *Davis*, such designation deprives the courts of jurisdiction to decide those cases. See *Sweeney*, 926 F.2d at 37. Where, however, the question is whether state tort or federal statutory law controls, preemption is not jurisdictional and is subject to the ordinary rules of appellate adjudication, including timely presentment and waiver. See *id.* at 39. This case presents a 'choice-of-law' question and thus falls squarely within the latter category. Preemption is not here jurisdictional, and was waived when not presented in the district court."

[4]The Carmack Amendment was amended, effective January 1, 1996; Congress determined that all suits commenced before the enactment of the amendments (December 29, 1995) shall proceed applying the preamendment statute. 49 U.S.C. § 701 (Supp. II 1996) (savings provisions note [c][1]). At the time this case was filed, the Carmack Amendment consisted of three provisions:

Title 49 U.S.C. § 11707 provides in relevant part: "A common carrier . . . subject to the jurisdiction of the Interstate Commerce Commission . . . shall issue a receipt or bill of lading for property it receives for transportation . . . . That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier or (3) another carrier over whose line or route the property

discussion or debate,[5] it is uniformly accepted that Congress intended the Carmack Amendment to eliminate the confusion resulting from conflicting State laws and provide for the uniform application of Federal law. *Rini* v. *United Van Lines, Inc.*, 104 F.3d 502, 504 (1st Cir.), cert. denied, 522 U.S. 809 (1997), quoting *Adams Express Co.* v. *Croninger*, 226 U.S. 491, 506 (1913).

Carmack preemption is therefore a choice of law statute, and as such, does not affect a court's power to adjudicate the matter. The statute itself explicitly grants State courts concurrent jurisdiction over such controversies. Specifically, § 11707(d) provides in relevant part: "A civil action under this section may be brought against a delivering carrier in a district court of the United States *or in a State court*" (emphasis added).[6]

Accordingly, we conclude that, because Central has not raised the issue of preemption below, it has waived its preemption defense under Federal law principles of waiver. See *GSA, Inc.* v. *Strong*, 719 A.2d 1256, 1258-1259 (Me. 1998) (noting that State law waiver may not apply to defeat ERISA claim because State law is preempted, but Federal law may), citing *Matter of HECI Exploration Co.*, 862 F.2d 513, 523 & n.18 (5th Cir. 1988) ("waiver argument should have been framed in terms of federal common law rather than Texas state law"); *Wolf* v. *Reliance Standard Life Ins. Co.*, *supra* at 449 (ERISA preemption in benefits-due action is affirmative defense and thus waived

---

is transported in the United States . . . ."

Title 49 U.S.C. § 10730 states in relevant part: "The Interstate Commerce Commission may require or authorize . . . a carrier . . . to establish rates for transportation of property under which the liability of the carrier for that property is limited to a value established by written declaration of the shipper, or by a written agreement, when that value would be reasonable under the circumstances surrounding the transportation."

Title 49 U.S.C. § 10103 provides: "Except as otherwise provided under this subtitle, the remedies provided under this subtitle are in addition to remedies existing under another law or at common law."

[5]See *Rini* v. *United Van Lines, Inc.*, 104 F.3d 502, 504 (1st Cir.), cert. denied, 522 U.S. 809 (1997), citing 40 Cong. Rec. 7075 (1906).

[6]Central maintains that applying State law to these claims violates the supremacy clause of the United States Constitution. *Gibbons* v. *Ogden*, 22 U.S. (9 Wheat.) 1, 209-210 (1824); art. VI, § 2, of the United States Constitution. Central also argues that the Carmack Amendment has a more comprehensive and sweeping preemptive effect than ERISA, relying on *Rini* v. *United Van Lines, Inc.*, *supra* at 507, and cases cited. Because we conclude that choice of law preemption is not an absolute right, but must be timely raised, these arguments are unavailing.

where party raised it one week prior to trial); *Sweeney* v. *West-vaco Co.*, *supra* at 40-41 (party waived right to assert defense of LMRA preemption where not timely raised). We note that this is also true under State law principles of waiver. "Our cases hold consistently that a nonjurisdictional issue not presented at the trial level need not be considered on appeal." *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977), and cases cited.

Moreover, there can be little doubt that Central's ten-year delay in asserting this defense would create substantial prejudice to Package. See *id.*, and cases cited ("Such a rule has particular force where the other party may be prejudiced by the failure to raise the point below"). Central itself initiated their complaint in State court alleging State law claims. It cannot now complain that Federal law should have been applied to this controversy. "The theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review . . . ." *Santa Maria* v. *Trotto*, 297 Mass. 442, 447 (1937). See *Budish* v. *Daniel*, 417 Mass. 574, 577 n.5 (1994); *Donahue* v. *Dal, Inc.*, 314 Mass. 460, 463 (1943).

Because we conclude that Central's preemption claim has been waived, we need not reach the merits of its preemption arguments. Therefore, we do not decide whether Package's State law claims (breach of contract and unfair or deceptive practices under G. L. c. 93A) are preempted by the Carmack Amendment. For the reasons stated above, the judgment of the Superior Court is affirmed.

*So ordered.*