NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1067

AL-KARIM DHANJI

vs.

DEPARTMENT OF VETERANS' SERVICES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Al-Karim Dhanji, appeals under G. L. c. 30A, § 15, from a judgment on the pleadings that affirmed a decision by the Division of Administrative Law Appeals (DALA), in which DALA concluded that the defendant, the Department of Veterans' Services (DVS), correctly denied Dhanji's application for an annuity benefit under G. L. c. 115, § 6B. We affirm.

Background. From 1992 to 2017, Dhanji served in the United States Public Health Service (USPHS) as a medical officer and a commander. At the time of his honorable discharge, the United States Department of Veterans Affairs (VA) determined that Dhanji was one hundred percent disabled. In 2018, Dhanji applied for a Massachusetts veterans' annuity under G. L. c. 115, § 6B. DVS denied his application, stating that Dhanji did not "meet the military service requirements contained in"

G. L. c. 4, § 7, Forty-third, inferentially, because he did not fall within the statutory definition of "veteran." Dhanji appealed the denial of his application, and a DVS hearing officer upheld the decision after a hearing, stating that Dhanji did not meet the definition of "veteran" under G. L. c. 4, § 7, Forty-third. Dhanji then appealed to the DALA, and an administrative magistrate granted a summary decision upholding DVS's determination. Dhanji sought review by a judge of the Superior Court. The judge allowed DVS's motion for judgment on the pleadings and denied Dhanji's motion for judgment on the pleadings, and Dhanji appealed.

Discussion. 1. Meaning of "veteran" under the statute. On appeal from the allowance of a motion for judgment on the pleadings, each issue is a question of law subject to de novo review. Robinhood Fin. LLC v. Secretary of the Commonwealth, 492 Mass. 696, 707 (2023). We therefore review DALA's decision in accordance with G. L. c. 30A, § 14 (7). "[W]e may set aside or modify [the] decision . . . if it is, among other things, in violation of constitutional provisions, [b]ased upon an error of law, [a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law" (quotations and citation omitted). Fallon Community Health Plan, Inc. v. Acting Director of the Dept' of Unemployment Assistance, 493 Mass. 591, 595 (2024). "We give substantial deference to a reasonable

2

interpretation of a statute by the administrative agency charged with its administration enforcement, but the duty of statutory interpretation rests in the courts" (citation omitted). Commerce Ins. Co. v. Commissioner of Ins., 447 Mass. 478, 481 (2006).

"In interpreting a statute, we begin with its plain language, as the best indication of legislative intent." 135 Wells Ave., LLC v. Housing Appeals Comm., 478 Mass. 346, 354 (2017). "Beyond plain language, [c]ourts must look to the statutory scheme as a whole, so as to produce an internal consistency within the statute" (quotation and citation omitted). Plymouth Retirement Bd. v. Contributory Retirement Appeal Bd., 483 Mass. 600, 605 (2019). "Even clear statutory language is not read in isolation." Id.

Under G. L. c. 115, § 6B, a veteran whom the VA has determined to be one hundred percent disabled is entitled to a $2,000 annual annuity. According to G. L. c. 115, § 6A, the word "veteran" is defined by G. L. c. 4, § 7, Forty-third. A veteran is, subject to other statutory limitations, a person who has "served in the army, navy, marine corps, coast guard, or air force of the United States, or on full time national guard duty." G. L. c. 4, § 7, Forty-third.

3

Dhanji does not claim that USPHS falls within one of the branches expressly identified in G. L. c. 4, § 7, Forty-third.[1] Nonetheless, Dhanji contends that his honorable discharge from USPHS means that he is a "veteran" under the statute.[2] Because the statute's plain language does not incorporate those who served in USPHS into the definition of veteran, this argument fails.[3] See Boss v. Leverett, 484 Mass. 553, 557 (2020) ("If the language [of a statute] is clear and unambiguous, it must be interpreted as written").

2. Federal preemption. We review de novo the DALA's determination that the Commonwealth's definition of veteran is not preempted by Federal law. See Robinhood Fin. LLC, 492 Mass. at 707. "The 'ultimate touchstone' of preemption analysis is congressional intent, which is discerned primarily from the language of the preemption statute and its framework." Marsh v. Massachusetts Coastal R.R. LLC, 492 Mass. 641, 648 (2023),

_____

[1] Dhanji correctly points out that service in USPHS creates entitlement to certain Federal veterans' benefits. See 37 U.S.C. § 101(3) (defining "uniformed services"). The Massachusetts statute, however, contains different definitions.

[2] Dhanji also argues that his detail to the army from 1997 to 2000 means that he "served in the army." G. L. c. 4, § 7, Forty-third. He has not provided us with persuasive authority to support that conclusion and we are not aware of any.

[3] Because the statute's plain language is clear, we need not reach Dhanji's arguments regarding the statute's legislative history. See Six Bros., Inc. v. Brookline, 493 Mass. 616, 628 n.20 (2024).

4

quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485-486 (1996).

Besides express and field preemption, State law may be preempted by Federal law when "the State law actually conflicts with the Federal law (conflict preemption)." Marsh, supra. Dhanji asserts that State law is conflict preempted by Federal law such that DVS must conclude that he is a veteran under G. L. c. 4, § 7, Forty-third.[4]

"Conflict preemption occurs when it is impossible for a private party to comply with both [S]tate and [F]ederal requirements, . . . or where [S]tate law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" (quotation and citation omitted). Marsh, 492 Mass. at 648 n.18. Dhanji does not point to any Federal requirement or law that is in conflict with the statute. Instead, he argues that his ineligibility for the annuity under G. L. c. 115, § 6B, conflicts generally with the Federal policy area of "veterans' benefits" that provides veterans' benefits to members of USPHS. Because preemption is "not favored," and the "burden is on the party seeking to displace the State action to show preemption with hard evidence of conflict based on the record," Dhanji's preemption argument fails. Commonwealth Elec.

_____

[4] Dhanji raises the issue of field preemption for the first time on appeal. Thus, the argument is waived. See Central Transp., Inc. v. Package Printing Co., 429 Mass. 189, 193 (1999).

5

<u>Co</u>. v. <u>Department of Pub. Utils</u>., 397 Mass. 361, 375-376 (1986). Regardless, the annuity does not conflict with any Federal veterans' benefits policy, as the Commonwealth offers the annuity in addition to any Federal benefits.

3. <u>Equal protection</u>.  Dhanji contends that the statute, as applied to him, violates the equal protection clause of the Fourteenth Amendment to the United States Constitution because it creates an invidious distinction between people who served in the armed forces and people who served in USPHS.  We apply strict scrutiny "[w]here a statute either burdens the exercise of a fundamental right . . . or discriminates on the basis of a suspect classification." <u>Commonwealth</u> v. <u>Roman</u>, 489 Mass. 81, 86 (2022), quoting <u>Finch</u> v. <u>Commonwealth Health Ins. Connector Auth</u>., 459 Mass. 655, 668-669 (2011), <u>S.C</u>., 461 Mass. 232 (2012).  Dhanji does not have a fundamental right to receive the annuity in addition to Federal VA benefits, and the class of people who served in USPHS is not suspect.  "Accordingly, we apply a rational basis level of judicial scrutiny to the [plaintiff's] equal protection claims." <u>Roman</u>, <u>supra</u> at 88-89.

"[T]he rational basis test requires that 'an impartial lawmaker could logically believe that the classification would serve a legitimate public purpose that transcends the harm to the members of the disadvantaged class.'" <u>Roman</u>, 489 Mass. at 89, quoting <u>Goodridge</u> v. <u>Department of Pub. Health</u>, 440 Mass.

6

309, 330 (2003).  Because "the Legislature may afford some classes of veterans a greater preference than others," <u>Greeley</u> v. <u>Civil Serv. Comm'n</u>, 1 Mass. App. Ct. 746, 754 (1974), we conclude that this requirement is met, and hold that G. L. c. 115, § 6B, is constitutional as applied to Dhanji.

<u>Judgment affirmed</u>.

By the Court (Englander, Hand & Brennan, JJ.[5]),

Assistant Clerk

Entered:  May 6, 2024.

---

[5] The panelists are listed in order of seniority.